UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RONALD SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3  08  0416 |
| v. | ) No. 3:08mc0058 |
| | ) Judge Trauger |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. He brings this action under 42 U.S.C. § 1983[1] against George Little, Commissioner of the Tennessee Department of Correction (TDOC), and thirteen other defendants. The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the Fifth, Eighth and Fourteenth Amendments

The genesis of the plaintiff's complaint is that, when he was transferred from the Robertson County Jail to the Charles Bass Correctional Complex (Charles Bass) in July 2007, he immediately sought assistance in getting knee surgery. (Docket Entry No. 1, ¶¶ 20-21, pp. 8-9)[2] The plaintiff asserts that, although his knee surgery was approved in July 2007, the surgery has not been performed. (Docket Entry No. 1, ¶¶ 22-23, p 9) The plaintiff alleges that the defendants were

---

[1] The plaintiff also brings this action under 42 U.S.C. §§ 2201 and 2361. Title 42 U.S.C. § 2201 governs the functions of the Atomic Energy Commission (AEC); § 2361 governs the disposal of real property owned by the AEC. Neither of these statutes pertains to this action

[2] The plaintiff has not numbered the pages of the complaint. The page numbers referred to herein are the pages in the order in which they appear in the complaint

advised repeatedly about his need for surgery, and that failure to perform the surgery on his knee amounts to deliberate indifference. (Docket Entry No. 1, ¶¶ 25-26, p. 9)

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious

2

medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of a denial of medical care has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the prison officials were deliberately indifferent to the plaintiff's serious medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5.

### A. Venue

Venue in this action is governed by 28 U.S.C. § 1391. Section 1391 requires that an action be brought in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action

is commenced, if there is no district in which the action may otherwise be brought. *Id.* at § (b).

The defendants to this action include TDOC officials who are located in Nashville,[3] as well as administration and staff members at Charles Bass,[4] Lois M. DeBerry Special Needs Facility (DeBerry),[5] and NWCX.[6] The TDOC officials named as defendants are amenable to suit in any district in the State. The defendants at Charles Bass and DeBerry are amenable to suit in this district. However, the defendants at NWCX are amenable to suit in the Western District. The plaintiff's claims against those defendants identified in n. 6 below will be transferred to the United States District Court for the Western District of Tennessee for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a).

### B. Plaintiff Claims Against Those Defendants Amenable to Suit in the Middle District

#### 1. Plaintiff's Claims Against General Counsel Inglis and Administrator Lutche

The plaintiff identifies the above-named individuals as defendants. (Docket Entry No. 1, ¶¶ 2-3, p. 4) He does not, however, mention them anywhere in the statement of the claim. Because the plaintiff fails to allege and show that General Counsel Inglis and Administrator Lutche violated his rights, he fails to satisfy the first part of the two-part test under *Parratt, supra* at p. 2.

The plaintiff's claims against General Counsel Inglis and Administrator Lutche lack an

---

[3] These defendants are: Commissioner Little; Debra K. Inglis, General Counsel; W.G. Lutche, Legal Administrator, Office of General Counsel; Donna White, Director of Health Services; and John Doe I and II, unnamed TDOC employees responsible for "making decisions and policies regarding medical care [for] inmates."

[4] These defendants are Donald Webb, Health Care Administrator, and Dr. Leslie Collins, M.D.

[5] Dr. Paul Alexander, M.D. is the sole defendant at DeBerry.

[6] These defendants are: Warden Tommy Mills; Dennis Dean, Health Care Administrator; Dr. James Smith, M.D.; Dr. Harold Butler, M.D.; and Tammy Javellana, a nurse practitioner.

4

arguable basis in law or fact. Accordingly, the plaintiff's claim against them will be dismissed as frivolous.

## 2. Plaintiff's Claims Against Commissioner Little, Director White, John Doe I and II

The plaintiff alleges that Commissioner Little and Director White "have had repeated notice of [his] complaints and have been aware of [his] condition, but they h[ave] deliberately ignored his medical needs." (Docket Entry No. 1, ¶ 25, p. 9) The plaintiff, however, provides no factual allegations that establish what "notice" they received, how they were made aware of his situation, and what they did, or did not do, that constituted "deliberately ignor[ing] his medical needs." In short, the plaintiff's claims against Commissioner Little and Director White are mere naked allegations.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Because the plaintiff fails to support his claim against defendants Little and White with any factual allegations, his claim against them is conclusory and, as such, subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

5

Although the plaintiff does not say so, it could be taht his legal theory is that Commissioner Little and Director White are liable to him for the acts and/or omissions of those in their charge under the doctrine of *respondeat superior*. The law is settled, however, that actions brought against state actors cannot be maintained on a theory of *respondeat superior*, *see e.g., Monell v. Dept of Social Serv's of The City of New York, et al*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In other words, for vicarious liability to attach, Commissioner Little and Director White must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff does not allege that Commissioner Little and/or Director White were directly responsible for any of the alleged actions of their subordinates, nor can such an inference be liberally construed from the complaint. Neither does the plaintiff allege that those subordinates acted pursuant to a policy or custom established by Commissioner Little and/or Director White that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Accordingly, neither Commissioner Little nor Director White is liable to the plaintiff under the doctrine of *respondeat superior*.

As to defendants John Doe I and II, plaintiff alleges that he "repeatedly" asked them "to assist him in getting . . . knee surgery." (Docket Entry No. 1, ¶ 21, pp. 8-9) Here too, the plaintiff provides no factual allegations that would support a claim of deliberate indifference. Specifically, apart from asserting that he "repeatedly" asked them to assist him in getting the knee surgery at

6

issue, the plaintiff has provided no information regarding how he communicated his medical needs to them, how they responded, and what, if anything, in their response constituted deliberate indifference. In other words, the plaintiff's claims against defendants John Doe I and II also are conclusory.

For the reasons explained above, the plaintiff's claims against Commissioner Little, Director White, John Doe I and II lack an arguable basis in law or fact. Accordingly, these claims will be dismissed as frivolous

### 3. Plaintiff's Claims Against Administrator Webb, Dr. Collins, and Dr. Alexander

The plaintiff alleges hat he "repeatedly" asked Administrator Webb and Dr Collins "to assist him in getting ... knee surgery " (Docket Entry No. 1, ¶ 21, pp. 8-9) The plaintiff asserts that Administrator Webb and Dr. Alexander "had repeated notice of [his] complaints and h[ad] been aware of his condition ...." (Docket Entry No. 1, ¶ 25, p. 9) The plaintiff also alleges that all three of the above-named defendants were "deliberately indifferent to [his] medical needs of which they knew or should have known." (Docket Entry No 1, ¶ 25, p 9)

As an initial matter, the court notes that the plaintiff "was approved for knee surgery in July 2007," apparently after he arrived at Charles Bass from the Robertson County Jail that same month (Docket Entry No. 1, ¶¶ 20-21, 23, pp 8-9) Therefore, the plaintiff's claim against Administrator Webb and Dr. Collins cannot be that they prevented his medical need from being assessed, or the appropriate treatment determined. It appears that the plaintiff's claim against Administrator Webb and Dr. Collins is that they did not arrange for his knee surgery before he was transferred from Charles Bass to NWCX.

The plaintiff provides no information regarding his "repeated" efforts to obtain assistance

from Administrator Webb and/or Dr. Collins in scheduling the surgery, nor does he provide any information regarding what, if anything, that they did that amounted to deliberate indifference. The complaint also is devoid of any factual allegations against Dr. Alexander. In fact, there is not even a hint regarding what Dr. Alexander is alleged to have done, or not done. Accordingly, the plaintiff's claims against these three defendants are, once again, conclusory.

For the reasons explained above, the plaintiff's claims against Administrator Webb, Dr. Collins, and Dr. Alexander lack an arguable basis in law or fact. Accordingly, those claims will be dismissed as frivolous.

### III. CONCLUSION

For the reasons stated herein, the plaintiff's claims against those defendants amenable to suit in the Middle District of Tennessee will be dismissed as frivolous. The plaintiff's remaining claims will be transferred to the United States District Court for the Middle District Court of Tennessee. Finally, the plaintiff's request to be transferred to DeBerry (Docket Entry No. 1, ¶¶ 24, 3, pp. 9-10) will be denied. Prisoners do not have a right to choose their prison. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge

8